UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SHEPHARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGHT,<br><br>　　　　　Defendant. | Case No. 21-cv-02748-JD<br><br>**ORDER OF SERVICE** |

　　　　Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He seeks money damages regarding his medical treatment. The Court ordered service on the second amended complaint with respect to Dr. Bright's failure to approve necessary medication to treat plaintiff's serious medical needs. Plaintiff also set forth allegations regarding the improper treatment of his eye disease; however, he did not know the identity of the defendants. Plaintiff was informed that he could seek to amend if he identified any of the defendants. A month later, plaintiff sent a letter to the Court indicating that he had suffered a mental breakdown and needed an attorney assigned or for the case to be stayed. Defendant has since been served and plaintiff has now filed a proposed third amended complaint with the identity of an additional doctor who treated him. Plaintiff states that the new defendant Dr. Phuc Lam was one of the John Doe defendants in the second amended complaint who failed to properly treat his pain and his eye disease. The Court construes plaintiff's third amended complaint as a motion to amend and add this defendant to the allegations of the second complaint. The motion is granted and the allegations in the second amended complaint and plaintiff's recent submission (Dkt. No. 16) are sufficient to proceed against Dr. Lam.

　　　　Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional

circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). While plaintiff asserts that he suffered a mental breakdown and cannot proceed with this case, he has presented his arguments and claims well through several amended complaints, and he was able to discover the identity of Dr. Lam. Plaintiff has failed to present sufficient facts or arguments regarding his mental health challenges to warrant the appointment of counsel at this time. The request for counsel is denied without prejudice. In light of plaintiff's demonstrated ability to prosecute this case, the Court also declines to stay the case indefinitely. Plaintiff may request to dismiss this case without prejudice that the Court will consider at this early stage of the litigation. Plaintiff may then seek to refile the case at a later date. The case will be closed during this time and the Court will take no action. If plaintiff seeks to dismiss the case without prejudice, he should inform the Court within **fourteen days** of service of this Order.[1]

### CONCLUSION

1. The Court orders that defendant Dr. Phuc Lam a primary care physician at Salinas Valley State Prison be served **ELECTRONICALLY**.

Service on the listed defendant shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United

---

[1] The Court notes that plaintiff is no longer at the prison where the events in this action occurred, and he only seeks money damages. He does not seek any relief in this case regarding his mental health treatment.

1  States Marshal Service (USMS) and which defendant declines to waive service or could not be
2  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the
3  California Attorney General's Office which, within 21 days, shall file with the Court a waiver of
4  service of process for the defendant if he is waiving service.

5  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
6  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
7  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
8  of this order, the summons and the operative complaint for service upon each defendant who has
9  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
10 Service Waiver.

11       2.    In order to expedite the resolution of this case, the Court orders as follows:

12       a.    No later than sixty days from the date of service, defendant shall file a
13 motion for summary judgment or other dispositive motion.  The motion shall be supported by
14 adequate factual documentation and shall conform in all respects to Federal Rule of Civil
15 Procedure 56, and shall include as exhibits all records and incident reports stemming from the
16 events at issue.  If defendant is of the opinion that this case cannot be resolved by summary
17 judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All
18 papers filed with the Court shall be promptly served on the plaintiff.

19       b.    At the time the dispositive motion is served, defendant shall also serve, on a
20 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
21 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
22 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
23 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
24 not earlier); *Rand* at 960 (separate paper requirement).

25       c.    Plaintiff's opposition to the dispositive motion, if any, shall be filed with
26 the Court and served upon defendant no later than thirty days from the date the motion was served
27 upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
28

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d.    If defendant wishes to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon him.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 11, 2022

JAMES DONATO
United States District Judge